BERNARD S. MOORE, OSB #843051
Moore@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO, MCGOVERN, P.C.
Larson Creek Professional Center
2592 East Barnett Road
Medford, OR 97504
Telephone: (541) 779-2333
Facsimile: (541) 779-6379
Of Attorneys for Defendants LITHIA VW MEDFORD; CASEY ALBRIGHT; DAVID TERRELL; and DICK HEIMANN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ITAI AARONSON,

Plaintiff,

v.

SONNEN VOLKSWAGEN; SHAHIN KANARANI; BRAD FOON; CASEY ALBRIGHT; DAVID TERRELL; DICK HEIMANN; SUSAN MARIE AARONSON; LITHIA VW MEDFORD; and VOLKWAGEN OF AMERICA, INC.,

Defendants.

Civil No. 1:19-cv-0468-CL

**DEFENDANTS HEIMANN, ALBRIGHT, TERRELL AND LITHIA VW MEDFORD'S RULE 12 MOTION**

## MOTIONS TO DISMISS

Defendants Casey Albright, David Terrell, Dick Heimann, and Lithia VW Medford ("collectively "Lithia defendants") move to dismiss plaintiff's Amended Complaint with prejudice

under Fed. R. Civ. P. Rule 12(b)(1) & (6), Fed. R. Civ. P. Rule 8(a) & (d), and Fed. R. Civ. P. Rule 41(d). This motion is supported by this legal memorandum, pleadings, and facts. Oral argument is requested.

## SUMMARY OF CLAIMS

Plaintiff Itai Aaronson alleges he purchased a Volkswagen Golf from defendant Sonnen Volkswagen and their employees, defendants Kangarani and Foon (collectively "Sonnen defendants") in August 2018. Plaintiff claims he could not obtain the title and registration for the vehicle from Sonnen defendants. Plaintiff claims that defendants Susan Aaronson (Plaintiff's ex-wife) and Brian Blodgett (Mrs. Aaronson's divorce attorney) conspired to steal the keys to the VW Golf from him. Plaintiff alleges that Lithia defendants, defendant Blodgett, and defendant Aaronson "conspired together to forge the title of the car." Additionally, plaintiff alleges that defendant Heimann stated Lithia VW Medford would not provide keys to the vehicle, would not sell plaintiff a car, would not service plaintiff's vehicles, and would not perform factory repairs. Plaintiff believes these actions violated a litany of federal criminal statutes, which he alleges give rise to four civil causes of action.

## STANDARD – SUBJECT MATTER JURISDICTION

Fed. R. Civ. P. Rule 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. Federal courts are courts of limited jurisdiction, adjudicating only cases which the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). As the party invoking the jurisdiction of the federal court, plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121-22 (9th Cir. 2010). A



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**NO DIVERSITY JURISDICTION**

This court has authority to hear an action when diversity jurisdiction or federal jurisdiction exists. 28 USC § 1332; 28 USC § 1331. Section 1332 requires that for an action based on diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 USC § 1332. Any instance of common citizenship between the parties defeats federal diversity jurisdiction.

Plaintiff alleges he is a citizen of Oregon. He then alleges that Defendant Susan Marie Aaronson is a citizen of Oregon. On the face of the pleadings[1] there is a lack of complete diversity, precluding jurisdiction under 28 USC 1332.

**NO FEDERAL QUESTION JURISDICTION**

"Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 US 386, 392 (1987). Federal question jurisdiction exists when the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 USC § 1331. The "well-pleaded complaint rule" mandates that plaintiff's complaint must present a properly pleaded federal question on its face for this court to have jurisdiction. *Newberry v. Pacific Racing Assoc.*, 854 F2d 1142, 1146 (9th Cir 1988) (citing *Caterpillar, Inc.*, 482 US at 392).

[1] Plaintiff does not plead the citizenship of Kangarani, Foon, Albright, Terrel, Heimann, or Blodgett. Plaintiff alleges that defendant Volkswagon is a Virginia corporation. Plaintiff alleges that defendant Sonnen is a California corporation.



FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Here, the Amended Complaint must be dismissed in its entirety because plaintiff's complaint states no claim invoking federal question jurisdiction. The criminal statutes cited provide no private cause of action, and therefore no federal question jurisdiction can exist. Additionally, plaintiff fails to state a claim in violation of Fed. R. Civ. P. Rule 12(b)(6) and Fed. R. Civ. P. Rule 8(a)(1). Absent a cognizable legal theory giving rise to a federal question, this court lacks jurisdiction under 28 USC § 1331. Because neither diversity nor federal question jurisdiction exist, dismissal is required under Fed. R. Civ. P. Rule 12(b)(1).

*a. 18 USCS § 1341, § 1346, § 1349 – Mail Fraud*

In his first claim for relief Plaintiff alleges violation of 18 USCS § 1341, which federally criminalizes mail fraud. In his second and third claims for relief, plaintiff alleges violation of 18 USCS § 1349, which makes it a crime to attempt or conspire to commit mail fraud. In his fourth claim for relief, plaintiff cites to the definition of "scheme or artifice to defraud" used in the criminal mail fraud statutes, promulgated in 18 USCS § 1346.

Federal circuit courts have repeatedly held there is no private right of action under the mail fraud statutes. *See, e.g., Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 408 (8th Cir. 1999); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977). 9th Circuit has followed this approach, declining to find a private civil cause of action created by the mail fraud statutes. *Wilcox v. First Interstate Bank, N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987); *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (unpublished).

/ / /



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Plaintiff's invocation of 18 USCS § 1349, which makes it a crime to attempt or conspire to commit mail fraud, is equally meritless. Just as no private right of action exists for mail fraud, no authority exists to create a private right of action for the inchoate version of the criminal offense. Any references to 18 USCS § 1346, defining certain elements of mail fraud, are inapposite because plaintiff does not have a private right of action under the criminal mail fraud framework. *Wisdom,* 167 F.3d at 408.

Accordingly, with respect to allegations purportedly deriving from 18 USCS § 1341, § 1346, § 1349, plaintiff both fails to state a civil claim for relief, and fails to plead a basis for federal question jurisdiction.

*b. 18 USCS § 2327 – Mandatory Restitution for Email and Marketing Fraud*

This statute invoked by plaintiff in his first claim for relief imposes mandatory sentencing requirements in prosecutions for email and marketing fraud involving enhanced criminal penalties. 18 USCS § 2327. 18 USCS § 2327(a) provides this criminal restitution is "in addition to any other civil or criminal penalty authorized by law." The plain language of the statute does not create a separate civil cause of action, as it is a criminal remedy, not a claim.

*c. 18 USCS § 514 – Forgery*

Plaintiff alleges in his second claim for relief that Lithia defendants, defendant Blodgett, defendant Aaronson, and defendant Volkswagon violated 18 USC § 514, which criminalizes forgery. In *Gonzaga University v. Doe*, 536 U.S. 273, 281-83, (2002), the Supreme Court explained that a private individual may sue under a federal statute only when Congress specifically intended to create a private right of action. "An individual seeking to sue under an implied right of action must show that the statute



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

manifests an intent to create not just a private right but also a private remedy and the United States Supreme Court is quite reluctant to infer a private right of action from a criminal prohibition alone." *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF1, 2016 U.S. Dist. LEXIS 183067, at *11 (C.D. Cal. Apr. 15, 2016) (internal citations omitted).

18 USCS § 514 prohibits persons, with the intent to defraud, from passing, uttering, or selling false or fictitious instruments or other items "appearing, representing, purporting, or contriving . . . to be an actual security . . . issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States . . . ." A person violating this statute is guilty of a class B felony. Nothing in the statute suggests that § 514 creates a private right of action.

*d. 18 USCS § 1957 –Money Laundering*

Plaintiff cannot satisfy his burden of demonstrating congressional intent to create a private right of action to redress alleged violations of 18 USC § 1957, as alleged in his first claim for relief. This federal money laundering statute creates a criminal offense, not a federal cause of action that plaintiff can pursue. 18 U.S.C. § 1957, prohibits depositing or spending more than $10,000 of the proceeds from specified predicate offenses. Again, plaintiff cannot satisfy his burden of demonstrating congressional intent to create a private right of action to redress violations of this money-laundering statute.

*e. 18 USC § 2119 – Carjacking*

No authority exists for the proposition that a civil action may be brought by a private citizen under 18 USC § 2119, which federally criminalizes robbery of a motor vehicle with the use of force. Instead, case law analyzing legislative intent discusses that Congress intended carjacking to be punished criminally, allowing prosecutors to stack punishments if the criminal act also violated other statutes.



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

*See, e.g., United States v. Camacho*, No. 94-50476, 1996 U.S. App. LEXIS 15715, at *11 (9th Cir. June 12, 1996) (analyzing legislative history in authorizing cumulative criminal penalties for violations of carjacking statute). Nothing in the language of the criminal statute or the legislative history suggests that Congress intended to create a private cause of action. Because there is no private cause of action, plaintiff cannot state a claim based on the federal criminal statutes, nor can he invoke federal question jurisdiction.

*f. Conclusion*

Plaintiff cannot proceed under criminal statutes that provide no basis for civil liability. Since there is not private civil cause of action under the above criminal statutes – 18 USCS § 1341, § 1346, § 1349, 18 USCS § 2327, 18 USCS § 514, 18 USCS § 1957 – plaintiff has both failed to state a claim and failed to plead subject matter jurisdiction.

Absent a properly plead federal cause of action, this court lacks subject matter jurisdiction. Dismissal is required under Fed. R. Civ. P. Rule 12(b)(1) for lack of diversity and federal question jurisdiction.

**PLEADING AND DISMISSAL STANDARDS UNDER RULES 8, 12, & 41**

Even if civil causes of action could be derived from the above criminal statutes, the allegations remain deficient. Fed. R. Civ. P. Rule 12(b)(6)); Fed. R. Civ. P. Rule 8(a). Because plaintiff fails to plead facts to support a viable legal theory, his claim is appropriately dismissed under either Fed. R. Civ. P. Rule 12(b)(6)) or 41(d).

Fed. R. Civ. P. 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Each allegation must be



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery," *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), while abstaining from being "verbose, confusing and almost entirely conclusory." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); see also *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). "A complaint which fails to comply with rules 8(a) and 8[(d)] may be dismissed with prejudice pursuant to rule 41(d)." *Nevijel*, 651 F.2d at 673.

In the seminal Supreme Court opinion *Bell Atl. Corp. v. Twombly*, an antitrust case, the Court clarified what a plaintiff must plead in order to state a claim under Fed. R. Civ. P. 8 & 12. 550 U.S. 544, 555 (2007). As the Court explained,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* (citations omitted) (affirming dismissal of § 1 Sherman Act claim where complaint did not plead facts supporting plausible restraint of trade attributable to an agreement or conspiracy, and complaint also consistent with business strategy).

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "allege 'sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU *Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (citations omitted); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Cir. 2011)("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). Additionally, courts "are not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg* v. *Cult Awareness Network,* 18 F.3d 752,754-55 (9th Cir. 1994).

When a plaintiff appears *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)). In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff's Amended Complaint fails on both fronts. It identifies no cognizable legal theory and it fails to identify sufficient facts to support any viable legal theory all in violation of Rule 12(b)(1) and (6).

Although plaintiff cites to federal criminal statutes, the pleading is insufficient to state a claim. Plaintiff's passing reference to the federal criminal statutes are entirely conclusory. He makes no attempt to plead necessary factual allegations regarding each element of the criminal statutes purportedly giving



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

rise to his civil action. Plaintiff fails to specify who did what and when. Without the necessary factual allegations, defendants are left blindly defending unwarranted claims. Fed. R. Civ. P. Rule 8(a) prohibits such vague and unyielding allegations. Plaintiff's Amended Complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. Rule 8(a) and Fed. R. Civ. P. Rule 12(b)(6).

**FAILURE TO STATE A CLAIM – NO SHERMAN ACT VIOLATION PLEAD**

Plaintiff's fourth cause of action, derived from purported violation of § 2 the Sherman Act, is facially deficient under the pleading standards embodied in the Federal Rules of Civil Procedure. "As the Supreme Court has emphasized, its insistence on specificity of facts is warranted before permitting a case to proceed into costly and protracted discovery in an antitrust case, especially where, as here, the potential expense of discovery is obviously great." *Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013) (dismissal of Sherman Act claims appropriate under Fed. R. Civ. P. Rule 12(b)(6) where plaintiff failed to plead facts in support all elements).

Section 2 of the Sherman Act makes it illegal to "monopolize . . . any part of the trade or commerce among the several States." 15 U.S.C. § 2. To properly allege unlawful monopolization under § 2 of the Sherman Act, plaintiff must plead specific facts that can prove defendant: (i) possessed monopoly power in the relevant markets; (ii) willfully acquired or maintained its monopoly power through exclusionary conduct; and (iii) caused antitrust injury. *Movie 1 & 2 v. United Artists Communications, Inc.,* 909 F.2d 1245, 1254 (9th Cir.1990).

Monopoly power is defined as "the power to control prices or exclude competition. Mere proof of exclusionary conduct is not sufficient to prove [defendant's] dangerous probability of success; other proof of market power is required." *Am. Prof'l Testing Serv. v. Harcourt Brace Jovanovich Legal*



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

*& Prof'l Publ'ns*, 108 F.3d 1147, 1154 (9th Cir. 1997). Additionally, the first element requires plaintiff to plead the existence of a 'relevant market' in geography and subject. *Brown Shoe v. United States*, 370 U.S. 294, 325 (1962). Dismissal is appropriate where a plaintiff fails to identify the relevant market. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1045 (9th Cir. 2008).

Here, plaintiff does not allege Lithia defendants possessed monopoly power. He pleads no facts supporting an inference that any defendants had the specific intent to monopolize. To the contrary, plaintiff's allegations suggest defendants' business opportunities may have decreased because of their refusal to provide services to plaintiff. Additionally, it is wholly unclear what the relevant market which has been allegedly harmed.

The second element required to allege a monopoly claim under 15 U.S.C. § 2 centers on whether defendant "willfully acquired or maintained monopoly power by engaging in predatory or anticompetitive conduct designed to destroy competition." *Movie 1 & 2 v. United Artists Commc'ns, Inc.*, 909 F.2d 1245, 1255 (9th Cir. 1990). To constitute unlawful exclusionary conduct, the Ninth Circuit requires pleading and proof of "significant and more-than-temporary harmful effects on *competition* (and not merely upon a competitor or customer) before these practices can rise to the level of exclusionary conduct." *Am. Prof'l Testing Serv. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns*, 108 F.3d 1147, 1151 (9th Cir. 1997). Put another way, the second element of a monopoly claim under 15 U.S.C. § 2 requires a complaint to contain allegations that a defendant (who has a monopoly in a relevant market) did not obtain their monopoly from "growth or development as a consequence of a superior product, business acumen, or historic accident," but from exclusionary tactics designed intentionally to curtail competition within a relevant market. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Here, plaintiff's allegations about injury to market competition are nonexistent. The Amended Complaint pleads no facts which would plausibly suggest any defendant attempted or employed predatory exclusionary strategies designed to undermine market competition. Other than Lithia defendants' refusal to conduct business with plaintiff personally, plaintiff alleges no exclusionary conduct. Allegations regarding this isolated business decision does not rise to the level of unlawful exclusionary conduct necessary to satisfy the second element of the claim.

Finally, plaintiff fails to plead the third threshold element of a claim under 15 U.S.C. § 2, namely whether plaintiff suffered causal antitrust injury because of the defendant's alleged wrongful conduct. "[A]ntitrust injury is a substantive element of an antitrust claim, and the fact of injury or damage must be alleged at the pleading stage." *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013). Even before the new plausibility standards implemented by the pivotal Supreme Court decisions regarding pleading standards, *Twombly* and *Iqbal*, courts held that to allege a claim under the Sherman Act, "a claimant must, at a minimum, sketch the outline of the antitrust violation with allegations of supporting factual detail." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Asso.*, 884 F.2d 504, 507 (9th Cir. 1989) (affirming dismissal for failure to state a claim where plaintiff's antitrust claim was unsupported by facts in the complaint.) The cite is inappropriate with no previous reference to the case and also appears incomplete. At its most basic level, plaintiff fails because he has not stated a plausible antitrust injury.

As a matter of law, plaintiff's allegations that defendants refused to do business with him are not the type of injury the antitrust laws are designed to address. "Mere refusal to deal … is not a violation of the antitrust laws." *Moore v. Jas. H. Matthews & Co.*, 550 F.2d 1207, 1220 (9th Cir. 1977). The Supreme Court has long upheld the right to refuse service and exercise independent business discretion,



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

describing the Sherman Act as "the Magna Carta of free enterprise." *Verizon Communs., Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 415 (2004). In *United States v. Colgate & Co.*, the Supreme Court explained that "The purpose of the Sherman Act is to... preserve the right of freedom of trade. In the absence of any purpose to create or maintain a monopoly, the act does not restrict the long-recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal." 250 U.S. 300, 307 (1919). Absent a showing that the market as a whole has been affected, the fact that one must do business elsewhere is not an antitrust injury. *Perry v. Rado*, 504 F. Supp.2d 1043, 1047 (E.D. Wash. 2007), *aff'd*, 343 F. App'x 240 (9th Cir. 2009).

In sum, Plaintiff's purported antitrust claim must be dismissed because he has not alleged any defendant possessed monopoly power; identified the relevant market; alleged a plausible injury to competition; or plead an antitrust injury. Because he has not plead facts which could support a viable legal theory for violation of § 2 of the Sherman Act as required by Fed. R. Civ. P. Rule 8(a) & (d), dismissal is required under Fed. R. Civ. P. Rule 12(b)(6)) and Fed. R. Civ. P. Rule 41(d).

## DISMISSAL APPROPRIATE FOR LACK OF STANDING

Although Plaintiff's cites to the remedies provision of the Sherman Act, 15 U.S.C. § 15, his reliance on this section is misplaced because he lacks standing to sue, both statutorily and constitutionally. Consequently, plaintiff's action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) & (6).

In the context of a Sherman Act claim, there are two distinct forms of standing required. The first is statutory standing, often called antitrust standing, which requires antitrust injury. Statuary



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

standing under the Sherman Act is limited to persons "injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Lack of statutory antitrust standing means the absence of a valid cause of action under the statute, where dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 352 F.3d 367, 371 (9th Cir. 2003) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 50 L. Ed. 2d 701, 97 S. Ct. 690 (1977), which expounds elements of antitrust injury).

The second requirement of standing is constitutional. Whereas statutory antitrust standing implicates plaintiff's ability to succeed on the merits, the Article III standing requirement implicates a court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "For Article III purposes, an antitrust plaintiff establishes injury-in-fact when he has suffered an injury which bears a causal connection to the alleged antitrust violation." *Gerlinger v. Amazon.com, Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008). Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim under Article III.

If an antitrust plaintiff does not plead injury in fact giving rise to standing, their claim is properly dismissed for lack of subject matter jurisdiction. For example, in *Eastman v. Quest Diagnostics Inc.*, the Court dismissed a § 2 Sherman Act claim under Fed. R. Civ. P. 12(b)(1) without leave to amend because plaintiff failed to allege they were injured by defendant's anticompetitive conduct. 108 F. Supp. 3d 827, 831-32 (N.D. Cal. 2015). There, plaintiff claimed defendant charged above-competitive prices for medical diagnostic testing in violation of the Sherman Act. *Id.* at 831. However, the Complaint did not "allege that plaintiffs made any payments to Quest, what portion of their co-payment or deductible obligations relate to testing performed by Quest, or that any payments were higher as a result of Quest's anticompetitive conduct." Therefore, dismissal was appropriate for lack of both constitutional and



**FROHNMAYER, DEATHERAGE, JAMIESON,**
**MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

statutory standing because plaintiff had alleged no injury in fact. *Id.* at 832.

Here, the Amended Complaint lacks sufficient allegations to establish either statutory or constitutional standing, and thus dismissal with prejudice is warranted under Fed. R. Civ. P. 12(b)(1) & (6). As argued above, plaintiff failed to state a claim because he plead no antitrust injury, and therefor he lacks statutory antitrust standing. Furthermore, plaintiff has not alleged injury in fact. Plaintiff's antitrust claim, his fourth cause of action, centers on allegations that Lithia defendants and defendant Volkswagon refused to do business with him, which plaintiff also apparently believes constitutes carjacking, burglary, and mail fraud. Other than requesting damages, plaintiff does not alleged facts which if true could establish that defendants' actions actually harmed him. Accordingly, dismissal for want of subject matter jurisdiction is appropriate because plaintiff has not plead injury in fact, and therefore lacks Article III standing. Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint lacks merit substantively and procedurally. None of plaintiff's jumbled allegations give rise to subject matter jurisdiction, as neither standing, diversity, nor federal question jurisdiction exist. Plaintiff cannot rely on federal criminal offenses to bring this civil action, and plaintiff cannot to state any plausible claim for relief under the Sherman Act. Pursuant to Fed. R. Civ. P. Rules 12(b)(1) & (6), Fed. R. Civ. P. Rules 8(a) & (d), and Fed. R. Civ. P. Rule 41(d), this Court should dismiss this action with prejudice.

DATED this 24th day of April, 2019.

Bernard S. Moore, OSB# 843051
*Of Attorneys For Defendants LITHIA VW MEDFORD; CASEY ALBRIGHT; DAVID TERRELL; And DICK HEIMANN*



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

# CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS HEIMANN, ALBRIGHT, TERRELL AND LITHIA VW MEDFORD'S RULE 12 MOTION** upon:

Itai Aaronson
593 Oak Knoll Drive
Ashland, OR 97520
*Plaintiff*

Sonnen Volkswagen
720 Francisco Blvd. West
San Rafeal, CA 94901
*Defendant*

Shahin Kangarani
720 Francisco Blvd. West
San Rafeal, CA 94901
*Defendant*

Brad Foon
720 Francisco Blvd. West
San Rafeal, CA 94901
*Defendant*

Susan Marie Aaronson
2335 Abbott Avenue
Ashland, OR 97520
*Defendant*

Bryan E. Blodgett
GRANTLAND BLODGETT SHAW & ABEL
1818 E. McAndrews Road
Medford, OR 97504-5578
*Defendant*

Volkswagen of America, Inc.
2200 Ferndinand Porsche Drive
Herndon, VA 20171
*Defendant*

///
///



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

☐ By sending a copy via Electronic email.

☑ By sending a copy via the US Postal Mail on the date referenced below.

DATED this 24th day of April, 2019.

Bernard S. Moore, OSB# 843051
TRIAL ATTORNEY
*Of Attorneys for Defendants Lithia VW of Medford, Albright, Casey and Heimann*



**FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333