**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Paul T. Collins** (*Pro Hac Vice Forthcoming*)
paul.collins@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: 803.799.2000
Facsimile: 803.256.7500

**Ashia Crooms-Carpenter** (*Pro Hac Vice Forthcoming*)
ashia.carpenter@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: 704.417.3000
Facsimile: 704.377.4814

Attorneys for Defendant Volkswagen Group of America, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

**ITAI AARONSON,**

Plaintiff,

v.

**SONNEN VOLKSWAGEN, SHAHIN KANGARANI, BRAD FOON, CASEY ALBRIGHT, DAVID TERRELL, DICK HEIMANN, SUSAN MARIE AARONSON, BRYAN E. BLODGETT, LITHIA VW MEDFORD AND VOLKSWAGEN GROUP OF AMERICA,**

Defendants.

Case No. 1:19-cv-00468-CL

Defendant Volkswagen Group Of America, Inc.'s
MOTION TO DISMISS AMENDED COMPLAINT

**ORAL ARGUMENT REQUESTED**

## I. LR 7-1 CERTIFICATION

Pursuant to LR 7-1(a)(1)(A), counsel for Defendant Volkswagen Group of America, Inc. (hereinafter, "VWGoA")[1] certifies that he conferred in good faith with pro se plaintiff Itai Aaronson ("Plaintiff") via personal telephone conference, but that the parties were unable to resolve this dispute.

## II. MOTION

VWGoA, by its undersigned counsel, respectfully moves this Court to dismiss the Amended Complaint (ECF No. 11), filed by Plaintiff, on the grounds that the Court lacks subject matter jurisdiction, and Plaintiff's claims fail to state a claim upon which relief can be granted.

This Motion is made pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and is based on this Motion, the supporting Memorandum of Points and Authorities, all pleadings and papers filed herein, oral argument of counsel, and any other matter that may be submitted at any hearing of this Motion.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

This lawsuit arises from Plaintiff's purchase of a Volkswagen Golf at a dealership in California. Plaintiff's Amended Complaint should be dismissed in its entirety without leave to amend for three independent reasons. *First*, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, because there is not complete diversity of citizenship between the parties, and the Amended Complaint states no claim invoking federal question jurisdiction. *Second*, this action should be dismissed pursuant to the Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, because the statutes that form Plaintiff's basis for relief as noted in the Amended Complaint are criminal statutes that do not provide for a private right of action. *Third*, Plaintiff's Amended Complaint fails to differentiate among the many named defendants, and thus does not provide fair notice of the grounds for any

[1] VWGoA is an operating unit of Volkswagen of America, Inc.



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

claims made against VWGoA. Further, Plaintiff's Amended Complaint should be dismissed *with prejudice* because its defects cannot be cured by amendment.

## IV. BACKGROUND[2]

Plaintiff alleges that he responded to an internet advertisement offering a Volkswagen Golf for sale and then traveled to Defendant Sonnen Volkswagen ("Sonnen VW"), a Volkswagen dealership located in Marin County, California, to purchase a Volkswagen Golf. (Am. Compl. ¶ 14.) Plaintiff alleges that he purchased the vehicle based on Defendant Shahin Kangarani's, an employee at Sonnen VW, assurances that Sonnen VW had clear title for the vehicle; though, Sonnen VW never had title to the vehicle, delivered the vehicle to Plaintiff without title, and, even after Sonnen VW received the title from VWGoA, refused to provide Plaintiff with the title. (Am. Compl. ¶ 14.) Plaintiff alleges that Defendants Susan Marie Aaronson and Bryan E. Blodgett conspired to steal the keys to Plaintiff's vehicle and after doing so, conspired together with Defendants Brad Foon, Casey Albright, David Terrell, and Dick Heimann (employees at Sonnen VW) and Defendant Lithia VW Medford (a Volkswagen dealership located in Jackson County, Oregon) "to forge the title of the car so that ITAI would not be able to obtain replacement keys and therefor (sic) be denied the use of the car." (Am. Compl. ¶ 14.) Further, Plaintiff alleges that Defendant Dick Heimann told Plaintiff that Defendant Lithia VW Medford would not provide Plaintiff with the keys to his vehicle, and none of the Lithia affiliated car dealerships in Jackson County would sell or perform service, including factory warranty repairs, on any of Plaintiff's vehicles. (Am. Compl. ¶ 14.)

Plaintiff filed this lawsuit against VWGoA, Sonnen VW, Shahin Kangarani, Brad Foon, Casey Albright, David Terrell, Dick Heimann, Lithia VW Medford, Bryan E. Blodgett, and Susan Marie Aaronson. In the Amended Complaint, Plaintiff alleges violations of the following statutes: (i) 18 U.S.C. § 1957 (money laundering statute); (ii) 18 U.S.C. § 1341 (mail and wire fraud

[2] For purposes of this motion, VWGoA assumes, without in any way conceding, the truth of the allegations set out in the Amended Complaint.



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

statute); (iii) 18 U.S.C. § 2327 (telemarketing fraud statute); (iv) Cal. Veh. Code § 4463 (creates a criminal offense to forge or falsify a certificate of ownership or registration card); (v) 18 U.S.C. § 514 (creates a criminal offense to create fictitious instruments with the intent to defraud); (vi) 18 U.S.C. § 2119 (carjacking statute); (vii) ORS 64.215 (second-degree burglary statute); (viii) ORS 164.225 (first-degree burglary statute); and (ix) 15 U.S.C. § 2 (criminalizing the act of monopolizing or attempt or conspiracy to monopolize any part of trade or commerce).[3]

## V. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Complaint Under Rule 12(b)(1) for Lack of Jurisdiction.

**1. Legal standard.** When evaluating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court accepts as true the allegations of the complaint where only the sufficiency of the allegations supporting jurisdiction are challenged. *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (internal quotations and citations omitted). Thus, the burden is on the pleader to prove the existence of subject matter jurisdiction. *Id.*

Generally, federal courts are granted subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, and 28 U.S.C. § 1332, which provides for diversity of citizenship jurisdiction. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513 (2006). "If a court lacks subject matter jurisdiction, it is obligated to dismiss the case * * *." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016).

**2. The face of the Amended Complaint demonstrates that diversity jurisdiction is lacking.** Pursuant to Article III of the Constitution, Congress enacted 28 U.S.C. § 1332(a)(2) which "conferred upon the district courts jurisdiction over 'all civil actions where the matter in

[3] Plaintiff also cites to additional statutes, but the remaining statutes cited in his Amended Complaint only provide for definitions or additional grounds for penalties or remedies, and as such, cannot be violated. *See, e.g.,* 18 U.S.C. § 1346 (defining "scheme or artifice to defraud); 18 U.S.C. § 1349 (providing that any party who attempts or conspires to commit an offense codified in that section will be subject to the same penalties as if they had committed the offense); 15 U.S.C. § 15 (outlining the amount of recovery for those injured by violations of antitrust laws).



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between * * * citizens of a state and citizens or subjects of a foreign state.'" *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 334 (9th Cir. 2015) (quoting 18 U.S.C. § 1332(a)(2)). Courts interpret section 1332 as requiring "complete diversity" meaning that "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553 (2005). Where complete diversity among the parties is lacking, the district court does not have subject matter jurisdiction to hear the case. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (holding that dismissal for lack of subject matter jurisdiction is appropriate where complete diversity among the parties did not exist at the time of filing).

In this case, Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Am. Compl. at ¶ 11.) Plaintiff also alleges that he is a citizen of Oregon. (*Id.* at ¶ 2.) Plaintiff further alleges that Defendant Lithia VW Medford "is a car dealership located in Jackson County Oregon[,]" and that Defendant Susan Marie Aaronson "is a citizen of Oregon residing in Jackson County Oregon." (*Id.* at ¶¶ 9, 12.) Based on the allegations asserted in Plaintiff's Amended Complaint, both Plaintiff and two of the defendants are citizens of Oregon. As such, complete diversity among the parties is lacking. Accordingly, Plaintiff's claims must be dismissed pursuant to Rule 12(b)(1), because this Court does not have subject matter jurisdiction over this case.

**3. Plaintiff has failed to demonstrate that this Court has federal question jurisdiction over this action.** "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, and as such, "federal courts have broad adjudicatory authority over" such actions, *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012).



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Where a claim is alleged to arise under federal law, "federal question jurisdiction exists unless the cause of action alleged is patently without merit." *Thompson v. Thompson*, 798 F.2d 1547, 1550 (9th Cir. 1986).

Here, Plaintiff has alleged a number of claims based on violations of federal criminal statutes. However, courts do not generally "infer a private right of action from a criminal prohibition alone." *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). As such, a number of district courts within the Ninth Circuit have determined that criminal statutes do not confer private rights of action. *See e.g., Vrooman v. Armstrong*, Case No. 3:16-cv-01109-YY, 2016 WL 6139953, at *2 (D. Or. Sept. 30, 2016) (noting that the district court "cannot resolve a criminal dispute brought by a private citizen."); *Kraft v. Old Castle Precast, Inc.*, Case No. LA CV 15-00701-VBF, 2014 WL 4693220, at *2 (C.D. Cal. Aug. 5, 2015); *Schulstrom v. Schulstrom*, No. 3:14-cv-00791-SI, 2014 WL 3479018, at *3 (D. Or. Jul. 11, 2014) ("Federal criminal statutes * * * do not generally create a private right of action in a plaintiff."); *Grajeda v. Bank of America*, N.A., No. 12-CV-1716-IEG(NLS), 2013 WL 2481548, at *2 (S.D. Cal. June 10, 2013). Plaintiff bears the burden of demonstrating that the statutes he relies upon to form the basis of his federal claims provide a private right of action upon him. *See Opera Plaza Residential Parcel Homeowners' Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004).

In this case, Plaintiff asserts claims based on the following federal criminal statutes: 18 U.S.C.§ 1957 (money laundering statute); 18 U.S.C. § 1341 (mail and wire fraud statute); 18 U.S.C. § 2327 (telemarketing fraud statute); 18 U.S.C. § 514 (creates a criminal offense to create fictitious instruments with the intent to defraud); 18 U.S.C. § 2119 (carjacking statute); 18 U.S.C. § 1346 (defining "scheme or artifice to defraud"); and 18 U.S.C. § 1349 (providing that any party who attempts or conspires to commit an offense codified in that section will be subject to the same penalties as if they had committed the offense). There is no authority to suggest that any of these criminal statutes provide a private right of action. In fact, as to the money laundering



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

and mail fraud statutes, a number of courts have specifically stated that these criminal statutes do not provide a private right of action.

**a. Plaintiff's claims alleged pursuant to 18 U.S.C. § 1957 do not provide a private right of action.** Plaintiff has asserted violations based upon 18 U.S.C. § 1957, which is a federal money laundering statute that criminalizes the use of criminal profits in business transactions. A number of federal courts have found that federal money laundering statutes, codified at 18 U.S.C. §§ 1956 and 1957, do not provide for a private right of action. *See Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (finding that section 1956 does not provide for a civil cause of action); *Pate v. Cheng*, No. C 10-03968 JSW, 2011 WL 13249241, at *2 (N.D. Cal. May 10, 2011) (same); *see also, e.g., Winkle v. Sargus*, 2014 WL 111173, at *1 (S.D. Ohio Jan. 10, 2014) (finding that section 1957 does not provide for a civil cause of action); *Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-CV-1002-WKW[WO], 2009 WL 3644835, at *6 (M.D. Ala. Oct. 28, 2009) (same). Further, there is no authority supporting the contrary position. As a result, Plaintiff cannot rely on section 1957 as a basis for federal question jurisdiction.

**b. Plaintiff's claims alleged pursuant to 18 U.S.C. §§ 1341, *et seq.* do not provide a private right of action.** Plaintiff has asserted claims for violations of the federal mail fraud statute codified at 18 U.S.C. § 1341. Plaintiff also alleges violations of 18 U.S.C. § 1349, which criminalizes an attempt or conspiracy to commit mail fraud, as well as 18 U.S.C. § 1346, which defines "scheme or artifice to defraud" as used in the mail fraud statutes.

The Ninth Circuit has held that there is "no separate private right of action for mail fraud under 18 U.S.C. 1341." *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010). Similarly, other federal circuits have also held that the criminal mail and wire fraud statutes do not create a private right of action. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999); Ryan *v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 347 (5th Cir. 1977). As such, where no private right of action exists to



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

enforce the criminal statute, the statute cannot serve as the basis for federal question jurisdiction. *See Oppenheim v. Sterling*, 368 F.2d 516, 518-19 (10th Cir. 1966) (holding that no federal question jurisdiction exists where actions founded on violation of section 1341). Therefore, Plaintiff's allegation that the defendants in this case violated 18 U.S.C. § 1341 cannot serve as a foundation for federal question jurisdiction.

Similarly, Plaintiff's reliance on section 1346 or 1349 cannot form the basis of federal question jurisdiction, because no private right of action exists for mail fraud, and as such, no private right of action would exist for the inchoate version of the criminal offense nor would the definition of "scheme or artifice to defraud" provide a basis for a right of action. *See Wisdom*, 167 F.3d at 408; *see also Reynolds v. Wilkerson*, Case No. 13-CV-04855-LHK, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014) (noting that where there was no private right of action provided under a criminal statute, the plaintiff could not proceed under a claim of conspiracy to violate that same criminal statute). Thus, Plaintiff's allegation that defendants violated section 1346 or 1349 of the mail fraud statutes cannot serve as the basis for federal question jurisdiction.

Because the federal criminal statutes Plaintiff alleges VWGoA to have violated do not provide him with a private right of action, these claims are "patently without merit" and as a result, these statutes cannot form the basis for federal question jurisdiction. Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's claims, and Plaintiff's Amended Complaint must be dismissed.

### B. Plaintiff's Amended Complaint Must Be Dismissed Pursuant to Rule 12(b)(6).

**1. Legal standard.** To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). While a court is a required to accept all allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, courts are not required to accept a legal conclusion as true. *Id.* Thus, a court may dismiss



**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

a claim pursuant to Rule 12(b)(6) where the complaint does not "contain enough facts to state a claim to relief that is plausible on its face." *Sidibe v. Sutter Health*, 4 F. Supp. 3d 1160, 1173 (N.D. Cal. 2013).

**2. Plaintiff fails to state a claim under the Sherman Act.** Plaintiff alleges that VWGoA and Lithia VW "denied plaintiff economic activity and guaranteed service, using their monopoly power in violation of 18 USC § 1346, USC 15 § 2 and 15 USC § 15." (Am. Compl. ¶ 18.)

Plaintiff's claim pursuant to 15 U.S.C. § 2 alleges a violation of the Sherman Act which prohibits monopolization.[4] *See Name.Space, Inc. v. Internet Corp. for Assigned Names and Numbers*, 795 F.3d 1124, 1131 (9th Cir. 2015). In order to state a claim under section 2 of the Sherman Act, a plaintiff must allege that (1) the defendants possessed "monopoly power in the relevant market"; (2) defendants willfully acquired or maintained that power; and (3) an antitrust injury was caused. *Id.* In order to establish that defendants possessed "monopoly power in the relevant market," a plaintiff is required to "allege both that a 'relevant market' exists and that the defendant has power within that market." *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1044 (9th Cir. 2008). In order to demonstrate market power, a plaintiff is required to "(1) define the relevant market, (2) show that the defendant owns a dominant share of that market, and (3) show that there are significant barriers to entry and show that existing competitors lack the capacity to increase their output in the short run." *Sidibe*, 4 F. Supp. 3d at 1180.

In this case, Plaintiff's only allegation is a conclusory statement that VWGoA along with Lithia VW used their "monopoly power" in violation of section 2 of the Sherman Act. Plaintiff's allegation is merely a legal conclusion that this Court is not required to accept. Plaintiff has failed to set forth any allegations regarding the relevant market or VWGoA's share of the relevant market. Plaintiff has not alleged that VWGoA engaged in any specific behavior in order to require

[4] Plaintiff also purportedly brings a cause of action for violation for 15 U.S.C. § 15; however, section 15 merely provides a right of action for person injured by violation of the other statutes in Chapter 15. Thus, section 15 itself cannot be violated.



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

or maintain that power. Plaintiff does not even set forth the "threadbare recitals" of the basic elements of a Sherman Act claim. As such, Plaintiff's Amended Complaint is woefully insufficient. While pro se pleadings are held to less stringent standards than formal pleadings, *Haines v. Kerner*, 4040 U.S. 519, 520 (1972), even pro se pleadings purporting to allege claims under the Sherman Act must be dismissed where they fail to adequately allege that the defendants have engaged in anticompetitive behavior. *See Person v. Google, Inc.*, 346 F. App'x 230 (9th Cir. 2009). Because Plaintiff has not alleged any of the elements of the Sherman Act or that VWGoA engaged in any anticompetitive behavior, Plaintiff has failed to sufficiently state a claim against VWGoA for violations of the Sherman Act. As such, Plaintiff's claims pursuant to Section 2 of the Sherman Act must be dismissed.

**3. Plaintiff fails to state a claim under the federal criminal statutes.** As noted above, Plaintiff stated several claims based on federal criminal statutes: Plaintiff asserts claims based on the following federal criminal statutes: 18 U.S.C. § 1957 (money laundering statute); 18 U.S.C. § 1341 (mail and wire fraud statute); 18 U.S.C. § 2327 (telemarketing fraud statute); 18 U.S.C. § 514 (creates a criminal offense to create fictitious instruments with the intent to defraud); 18 U.S.C. § 2119 (carjacking statute); 18 U.S.C. § 1346 (defining "scheme or artifice to defraud"); and 18 U.S.C. § 1349 (providing that any party who attempts or conspires to commit an offense codified in that section will be subject to the same penalties as if they had committed the offense). Because these claims do not provide for a private right of action, they do not provide Plaintiff with a right of recovery. As such, Plaintiff has failed to demonstrate that he is entitled to any relief. Thus, Plaintiff's claims based upon the aforementioned statutes must be dismissed pursuant to Rule 12(b)(6), because Plaintiff has failed to sufficiently state a claim.

**4. Plaintiff fails to state a claim under the Oregon criminal statutes.** Plaintiff also alleges that defendants violated state criminal statutes, including ORS 164.215 (second-degree burglary statute) and ORS 164.225 (first-degree burglary statute). Where a plaintiff attempts to state a claim based on violation of a statute that is silent as to whether it provides private



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

enforcement rights, a court may only recognize a private right of action "when it is necessary to carry out the policy of the statute." *Serles v. Beneficial Oregon, Inc.*, 91 Or. App. 697, 756 P.2d 1266, 1270 (Or. Ct. App. 1988). In *Serles*, the plaintiff brought a cause of action based on violation of a statute that prohibited false or misleading advertisements. *Id.* The court noted that the statute was silent as to whether a private right of action was provided. However, the court determined that it was not necessary to recognize a private right of action because the director of the Oregon Department of Insurance and Finance had the authority to enforce and carry out statutory policy. *Id.* As a result, the court held that the plaintiff did not properly state a claim for relief pursuant to the statute. *Id.*

In this case, Plaintiff states a claim pursuant to ORS 164.215 and ORS 164.225, which are statutes that criminalize burglary. These statutes are silent as to whether a private right of action can be pursued based upon the statutes. However, as in *Serles*, this Court would not be required to recognize a new private right of action based on these burglary statutes, because the district attorneys are entrusted with the authority to prosecute crimes on behalf of the state. *See* Or. Const. art. VII, §17 (requiring "a sufficient number of prosecuting Attorneys, who shall be the law officers of the State * * * and shall perform such duties pertaining to the administration of Law, and general police * * *."); ORS 8.660 (requiring the district attorney to conduct prosecutions for offenses on behalf of the state). Thus, because there is already an official designated to carry out the statutory policy set forth in the burglary statutes, it is not necessary for this Court to recognize a new private right of action in order to carry out the policy of the statute. As a result, Plaintiff cannot pursue civil claims based on the burglary statutes. Accordingly, Plaintiff has failed to demonstrate that he is entitled to relief based on the burglary statutes, and therefore, his claims based upon violation of those statutes must be dismissed for failure to state a claim upon which relief can be granted.

**5. No private right of action is available for violations of California criminal statutes.** Plaintiff alleges that defendants violated Cal. Veh. Code § 4463, which makes it a



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

criminal offense to forge or falsify a certificate of ownership or registration card. California courts recognize that "a criminal statute can expressly or impliedly give rise to a private right of action for its violation." *Animal Legal Defense Fund v. Mendes*, 72 Cal. Rptr. 3d 553, 556 (Cal. Ct. App. 2008). Where the legislature has not expressed any intent as to whether a private right of action exists, there is no private right of action unless there are compelling public policy reasons for the judiciary to recognize a new private right of action. *Id.* In *Mendes*, the court determined that the legislature did not intend for there to be a private right of action to enforce animal cruelty statutes in light of the statutory scheme which deputized humane societies to assist local authorities in enforcing the animal cruelty laws. *Id.*

In this case, Plaintiff alleges that defendants violated Cal. Veh. Code § 4463 by selling a car without having title or with temporary registration documents. (Am. Compl. ¶ 15.) Plaintiff alleges that defendants' actions in doing so perpetuated their conspiracy to defraud him in the amount of $18,700. (*Id.*) Pursuant to section 4463, where a person "alters, forges, counterfeits, or falsifies a certificate of ownership, registration card * * *" with the intent to defraud, the person is guilty of a felony and shall be punished by imprisonment pursuant to the penal code. Cal. Veh. Code § 4463(a)(1). The comprehensive statutory scheme set forth in the penal code for the prosecution of crimes provides a number of remedies to effectuate the purposes of section 4463. Thus, as in *Mendes*, it is clear that the legislature did not intend to create a private right of action based upon violations of Cal. Veh. Code § 4463, since violations of that section are prosecuted as crimes by the state. As a result, Plaintiff cannot pursue civil claims based upon a violation of section 4463. Accordingly, Plaintiff has failed to demonstrate that he is entitled to relief based on section 4463, and therefore, his claims based upon a violation of the statute must be dismissed for failure to state a claim upon which relief can be granted.

**C. Plaintiff's Amended Complaint Must Be Dismissed, Because Plaintiff Failed to Properly Plead Pursuant to Rule 9(b).**

Plaintiff identifies a number of federal statutes, including mail fraud and money laundering,





LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

in which he alleges that defendants engaged in "criminal conspiracies." Although not stated in his Amended Complaint, to the extent that Plaintiff attempts to state a claim under the federal civil RICO statute, 18 U.S.C. § 1962, under which mail fraud (18 U.S.C. § 1341) and money laundering (18 U.S.C. § 1957) could serve as predicate acts, Plaintiff's claim fails. In cases where the allegations of a cause of action are "grounded in fraud," the pleading of that cause of action "must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations and citations omitted). Where a plaintiff alleges that multiple defendants were involved in a fraudulent scheme, the plaintiff must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765 (internal quotations and citations omitted).

Pursuant to Rule 9(b), when pleading predicate acts based on fraud to establish a civil RICO claim, plaintiff is required to identify which defendant violated the identified provisions. Here, Plaintiff lumps all defendants together and fails to identify which defendant or defendants committed the specific acts alleged. As such, Plaintiff's Amended Complaint fails to state a sufficient claim for a RICO violation based upon predicate acts grounded in fraud. *See Dost v. Northwest Trustee Svcs., Inc.*, No. 3:11-cv-00270-ST, 2011 WL 6794028, at *11 (D. Or. Dec. 21, 2011). As such, to the extent Plaintiff intended to state a civil RICO claim, Plaintiff's Amended Complaint must be dismissed.

**D. Plaintiff's Claims Should Be Dismissed With Prejudice.**

Dismissal with prejudice is an appropriate remedy where any proposed amendment to the plaintiff's complaint would be futile. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir.



LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1990); *see also McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment").

The fundamental defects in Plaintiff's Amended Complaint could not be cured through re-pleading. Plaintiff has identified no causes of action under which he could possibly be entitled to relief based on what he alleges. Simply put, there is no plausible reformulation that would make his claims viable. Plaintiff's Amended Complaint should therefore be dismissed with prejudice.

## VI. CONCLUSION

For the foregoing reasons, VWGoA respectfully requests that this Court grant its Motion to Dismiss all claims against it with prejudice.

DATED: May 16, 2019

LANE POWELL PC

By */s/ Milo Petranovich*
Milo Petranovich, OSB No. 813376
Telephone: 503.778.2100

NELSON MULLINS RILEY & SCARBOROUGH LLP
Paul T. Collins (*pro hac vice forthcoming*)
Telephone: 803.799.2000

Ashia Crooms-Carpenter (*pro hac vice forthcoming*)
Telephone: 704.417.3000

Attorneys for Defendant Volkswagen Group of America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2019, I caused to be served a copy of the foregoing DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S MOTION TO DISMISS AMENDED COMPLAINT on the following person(s) in the manner indicated below at the following address(es):

Sonnen Volkswagen
720 Francisco Blvd. West
San Rafael, CA 94901
*Defendant*

Shahin Kangarani
720 Francisco Blvd. West
San Rafael, CA 94901
*Defendant*

Brad Foon
720 Francisco Blvd. West
San Rafael, CA 94901
*Defendant*

Susan Marie Aaronson
2335 Abbott Avenue
Ashland, OR 97520
*Defendant*

Bryan E. Blodgett
Grantland Blodgett Shaw & Abel
1818 E. McAndrews Road
Medford, OR 97504-5578
*Defendant*

☐ **by CM/ECF**
☐ **by Electronic Mail (courtesy copy)**
☐ **by Electronic Mail (e-mail agreement in place)**
☐ **by Facsimile Transmission**
☒ **by First Class Mail**
☐ **by Hand Delivery**
☐ **by Overnight Delivery**

*/s/ Milo Petranovich*
Milo Petranovich





**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200